IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CALEB R. GIBSON,<br><br>Petitioner,<br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | REPORT AND RECOMMENDATION<br><br>Case No. 1:26-cv-00104-DBB-PK<br><br>District Judge David Barlow<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Petitioner Caleb R. Gibson's Petition for a Writ of Habeas Corpus.[1] For the reasons described herein, the undersigned recommends dismissal of the Petition without prejudice for failure to exhaust.

## I. BACKGROUND

The Petition is relatively vague. Petitioner states that he is "on paper" with Utah Adult Probation and Parole,[2] but that he is fighting the case. Petitioner also references a state court case arising out of the Second District Court in Farmington, Utah. The Court has reviewed the records in that state court proceeding.[3] There, Petitioner was charged with two counts of forgery and one count of theft by deception.[4] Petitioner pleaded guilty to one forgery charge on May 20, 2026.[5]

---

[1] Docket No. 1.

[2] "On paper" is a phrase denoting that the individual is on probation or parole. *United States v. Miller*, No. 4:22-CR-00080-BCW, 2023 WL 8358064, at *4 (W.D. Mo. Dec. 1, 2023).

[3] *Utah v. Gibson*, Case No. 251701967 (2nd Jud. Dist., Farmington, Davis Cnty., Utah) ("State Court Case" or "State Court Docket"). The Court can take judicial notice of the underlying state court record. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008).

[4] State Court Docket No. 1.

[5] State Court Docket No. 40.

Petitioner was sentenced on August 19, 2026, to an indeterminate sentence at the Utah state prison.[6] No appeal has been filed.

II. DISCUSSION

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."[7] "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."[8] The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state-court remedies as to his federal claims.[9] "Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition.[10] However, "[b]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."[11] This can be accomplished by allowing a petitioner the chance to object to a Report and

---

[6] State Court Docket No. 60.

[7] *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

[8] *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

[9] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[10] *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008)

[11] *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Recommendation.[12] Additionally, the Rules governing habeas proceedings "require dismissing a habeas petition that fails to allege facts that state a constitutional violation."[13]

The face of the Petition demonstrates that Petitioner has not exhausted his state remedies. Notably, Petitioner admits that he has not appealed his conviction. A review of Petitioner's state court docket supports this. Therefore, the Petition should be dismissed for failure to exhaust. Further, Petitioner fails to adequately allege a constitutional violation. Petitioner merely checks boxes indicating that he is challenging the validity of his conviction and sentence and how his sentence is being carried out. The Petition contains no further information supporting the claims.

## III. CONCLUSION

It is therefore recommended that this action be dismissed without prejudice and that a certificate of appealability be denied.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[12] *See Wahpekeche v. Pettigrew*, 169 F.4th 1176, 1187 (10th Cir. 2026) (finding that the district court gave the petitioner a fair opportunity to present his position by providing the chance to object to the magistrate judge's decision); *see also Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that the opportunity to object to a magistrate judge's invocation of procedural default qualified as adequate "notice and a reasonable opportunity to oppose application of the procedural default doctrine"); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (adopting the Fifth Circuit's reasoning in *Magouirk* to uphold a magistrate judge's consideration of timeliness).

[13] *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005).

DATED this 8th day of September, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge